IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: MAY 16, 2008
08CV2869 NF
JUDGE GUZMAN
MAGISTRATE JUDGE ASHMAN

| | |
|---|---|
| **LANEER WINDER** ) | |
| ) | Case No.: |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT FOR |
| ) | VIOLATION OF CIVIL RIGHTS |
| **CITY OF CHICAGO,** and ) | |
| Chicago Police Officers **R.L. Davis,** ) | |
| **Star No. 18378, W.E. Colon, Star No. 2929,** and ) | |
| **Triplett, Star No. 18220,** ) | |
| individually, ) | |
| ) | **JURY DEMANDED** |
| Defendants. ) | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, plaintiff Laneer Winder ("WINDER") was and now is now a citizen of the United States.

4. At all times herein mentioned, Defendant Chicago Police Officer R.L. Davis, Star No. 18378 ("DAVIS") was a member of the City of Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the City of Chicago. This officer is being sued in their individual/personal capacity.

5. At all times herein mentioned, Defendant Chicago Police Officer W. E. Colon, Star No. 2929 ("COLON") was a member of the City of Chicago Police Department, and was

acting under color of state law and as the employee, agent or representative of the City of Chicago. This officer is being sued in thier individual/personal capacity.

6. At all times herein mentioned, Defendant Chicago Police Officer Triplett, Star No. 18220 ("TRIPLETT") was a member of the City of Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the City of Chicago. This officer is being sued in thier individual/personal capacity.

7. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

## FACTUAL ALLEGATIONS

8. On May 24, 2007, in the City of Chicago, County of Cook, State of Illinois, WINDER was arrested by defendants.

9. At that time and place defendants arrested plaintiff.

10. There was not probable cause for defendants to arrest plaintiff.

11. Plaintiff did not consent to being seized.

12. There was no outstanding arrest warrant for plaintiff.

13. By reason of the above-described acts and omissions of defendants, plaintiff sustained, humiliation, and indignities, and suffered great, mental, and emotional pain and suffering all to his damage in an amount to be ascertained.

14. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

acting under color of state law and as the employee, agent or representative of the City of Chicago. This officer is being sued in thier individual/personal capacity.

6. At all times herein mentioned, Defendant Chicago Police Officer Triplett, Star No. 18220 ("TRIPLETT") was a member of the City of Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the City of Chicago. This officer is being sued in thier individual/personal capacity.

7. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

## FACTUAL ALLEGATIONS

8. On May 24, 2007, in the City of Chicago, County of Cook, State of Illinois, WINDER was arrested by defendants.

9. At that time and place defendants arrested plaintiff.

10. There was not probable cause for defendants to arrest plaintiff.

11. Plaintiff did not consent to being seized.

12. There was no outstanding arrest warrant for plaintiff.

13. By reason of the above-described acts and omissions of defendants, plaintiff sustained, humiliation, and indignities, and suffered great, mental, and emotional pain and suffering all to his damage in an amount to be ascertained.

14. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

15. By reason of the above-described acts and omissions of defendants, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff requests payment by defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I

### Plaintiff against Defendants Davis, Colon, and Tiplett for Unlawful Seizure

16. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through fifteen (15) hereat as though fully alleged at this place.

17. By reason of defendants' conduct, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

18. Defendants caused the seizure of plaintiff unreasonably and without probable cause to believe that plaintiff had committed any crime. Therefore, defendants, and each of them, is liable for this unlawful seizure under 42 U.S.C. § 1983.

## COUNT II

### Plaintiff against Defendants Davis, Colon, Triplett, and the City of Chicago For The State Supplemental Claim Of Malicious Prosecution

19. Plaintiff hereby incorporates and re-allege paragraphs one (1) through fifteen (15) hereat as though fully alleged at this place.

20. Defendants Davis, Colon, and Triplett caused a criminal prosecution to commence and continue against the plaintiff.

3

21. Defendants Davis, Colon, and Triplett, police officers employed by the City of Chicago, maliciously commenced and caused to be continued a criminal action against the plaintiff without probable cause for the institution of these proceedings. As a result, plaintiff was injured emotionally and otherwise from the loss of certain constitutionally protected liberties and related rights.

22. Defendants Davis, Colon, and Triplett facilitated this malicious prosecution by the creation of false evidence, and/or by giving false police reports for the purpose of encouraging the prosecution.

23. The criminal proceedings related to the arrest of plaintiff were terminated in the plaintiff's favor on July 26, 2007.

24. The City of Chicago is liable to plaintiff for the acts of Davis, Colon, and Triplett under the doctrine of *respondeat superior*.

25. Therefore, defendants Davis, Colon, Triplett, and the City of Chicago are liable to plaintiff under the state supplemental claim of Malicious Prosecution.


WHEREFORE, the plaintiff, by and through his attorneys, Ed Fox & Associates, request judgment as follows against the defendants, and each of them, on all claims:

1. That the defendants be required to pay the plaintiff, general damages, including emotional distress, in a sum to be ascertained;

2. That the defendants be required to pay the plaintiff special damages in a sum to be ascertained;

3. That the defendants, except the City of Chicago, be required to pay the plaintiff attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision (except not on Count III);

4. That defendants, except the City of Chicago, be required to pay the plaintiff punitive and exemplary damages in a sum to be ascertained;

4

5.     That the defendants be required to pay the plaintiff costs of the suit herein incurred; and

6.     That the plaintiff have such other and further relief as this Court may deem just and proper.

                                                                  BY:    /s/Garrett Browne
                                                                                 Garrett Browne

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

                                                                  BY:    /s/Garrett Browne
                                                                                 Garrett Browne

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams Street
Suite 330
Chicago, Illinois 60606
(312) 345-8877