UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LANEER WINDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 08 C 2869 |
| ) | |
| CITY OF CHICAGO, and ) | |
| Chicago Police Officers R.L. Davis, ) | JUDGE GUZMAN |
| Star No. 18378, W.E. Colon, Star No. 2929, and ) | MAGISTRATE JUDGE ASHMAN |
| Triplett, Star No. 18220 ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES,
AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago ("City") and Defendant Officers Robert Davis, Lafayette Triplett, and Walldy Colon ("Defendant Officers"), collectively referred to as ("Defendants"), by one of their attorneys, Marcy M. Labedz, Assistant Corporation Counsel, hereby submit their Answer, Affirmative Defenses, and Jury Demand to Plaintiff's Complaint.

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

**ANSWER:** Defendants admit this Court has jurisdiction over this matter, but deny any wrongful or illegal conduct.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER:** Defendants admit that venue is proper because all of the alleged acts complained of arose in this district, but deny any wrongful or illegal conduct.

**PARTIES**

    3.    At all times herein mentioned, plaintiff Laneer Winder ("Winder") was and now [sic] is now a citizen of the United States.

    **ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

    4.    At all times herein mentioned, Defendant Chicago Police Officer R.L. Davis, Star No. 18378 ("DAVIS") was a member of the City of Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the City of Chicago. This officer is being sued in thier [sic] individual/personal capacity.

    **ANSWER:**    Defendants admit the allegations contained in Paragraph 4, but deny any wrongful or illegal conduct.

    5.    At all times herein mentioned, Defendant Chicago Police Officer W.E. Colon, Star No. 2929 ("COLON") was a member of the City of Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the City of Chicago. This officer is being sued in thier [sic] individual/personal capacity.

    **ANSWER:**    Defendants admit the allegations contained in Paragraph 5, but deny any wrongful or illegal conduct.

    6.    At all times herein mentioned, Defendant Chicago Police Officer Triplett, Star No. 18220 ("TRIPLETT") was a member of the City of Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the City of Chicago. This officer is being sued in thier [sic] individual/personal capacity.

    **ANSWER:**    Defendants admit the allegations contained in Paragraph 6, but deny any wrongful or illegal conduct.

    7.    At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

    **ANSWER:**    Defendants admit the allegations contained in Paragraph 7.

## FACTUAL ALLEGATIONS

8. On May 24, 2007, in the City of Chicago, County of Cook, State of Illinois, WINDER was arrested by defendants.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 8.

9. At that time and place defendants arrested plaintiff.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 9.

10. There was not [sic] probable cause for defendants to arrest plaintiff.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 10.

11. Plaintiff did not consent to being seized.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 11.

12. There was no outstanding arrest warrant for plaintiff.

**ANSWER:** Upon information and belief, Defendant City admits the allegations contained in Paragraph 12. Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. By reason of the above-described acts and omissions of defendants, plaintiff sustained humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering all to his damage in an amount to be ascertained.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 13.

14. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for plaintiff's rights

3

and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 14.

15. By reason of the above-described acts and omissions of defendants, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff requests payment by defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 15.

### COUNT I
### Plaintiff against Defendants Davis, Colon, and Tiplett [sic] for Unlawful Seizure

16. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through fifteen (15) hereat as though fully alleged at this place.

**ANSWER:** Defendants reassert their answers to Paragraphs 1 through 15, as though fully stated herein, as their answer to Paragraph 16 of Count I of Plaintiff's Complaint[1].

17. By reason of defendants' conduct, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:** Defendant Officers deny the allegations and complained of conduct contained in Paragraph 17.

18. Defendants caused the arrest of plaintiff unreasonably and without probable cause to believe that plaintiff had committed any crime. Therefore, defendants and each of them are liable for false arrest under 42 U.S.C. § 1983.

---

[1] The City makes no further answer to Count I, since Count I is directed to Defendant Officers, and not to the City.

**ANSWER:** Defendant Officers deny the allegations and complained of conduct contained in Paragraph 18.

## COUNT II
### Plaintiff against Defendants Davis, Colon, Triplett, and the City of Chicago for The State Supplemental Claim of Malicious Prosecution

19. Plaintiff hereby incorporates and re-allege [sic] paragraphs one (1) through fifteen (15) hereat as though fully alleged at this place.

**ANSWER:** Defendants reassert their answers to Paragraphs 1 through 15, as though fully stated herein, as their answer to Paragraph 19 of Count II of Plaintiff's Complaint.

20. Defendants Davis, Colon, and Triplett caused a criminal prosecution to commence against the plaintiff.

**ANSWER:** Defendant City and Defendant Davis admit that on May 24, 2007, Plaintiff was charged with Attempt Possession of a Controlled Substance, but deny any wrongful or illegal conduct, and deny the remaining allegations contained in Paragraph 20. Defendants Colon and Triplett deny the allegations and complained of conduct contained in Paragraph 20. Upon information and belief, Defendants admit that Plaintiff was prosecuted for said crime in the case of *People of the State of Illinois v. Laneer Winder*, case number 07124144301.

21. Defendants Davis, Colon, Triplett, police officers employed by the City of Chicago, maliciously commenced and caused to be continued a criminal action against the plaintiff without probable cause for the institution and continuation of these proceedings. As a result, plaintiff was injured emotionally and otherwise from the loss of certain constitutionally protected liberty and related rights.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 21.

22. Defendants Davis, Colon, and Triplett facilitated this malicious prosecution by the creation of false evidence, and/or by giving false police reports for the purpose of encouraging the prosecution.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 22.

23. The criminal proceedings related to the arrest of plaintiff were terminated in the plaintiff's favor on July 26, 2007.

**ANSWER:** Upon information and belief, Defendants admit that on July 26, 2007 the charge of Attempt Possession of a Controlled Substance was stricken off with leave to reinstate. Defendants deny the remaining allegations and complained of conduct contained in Paragraph 23.

24. The City of Chicago is liable as a result of *respondeat superior.*

**ANSWER:** Defendants admit the City is sued in this Count pursuant to the doctrine of *respondeat superior*, but deny any wrongful or illegal conduct, and deny their conduct as alleged.

25. Therefore, defendants Davis, Colon, Triplett, and the City of Chicago are liable to plaintiff under the state supplemental claim of Malicious Prosecution.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 25.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE: QUALIFIED IMMUNITY

Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted the respective Defendant Officers could have believed their actions to be lawful, in light of clearly

established law and the information that the respective Defendant Officers possessed. Therefore, Defendant Officers are entitled to qualified immunity as a matter of law.

## SECOND AFFIRMATIVE DEFENSE:
## STATE TORT IMMUNITY ACT 745 ILCS 10/2-201

As to all state law claims, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because the decision to arrest Plaintiff was based upon the information and circumstances known to Defendant Officers at the time, and was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201 (West 2004).

## THIRD AFFIRMATIVE DEFENSE:
## STATE TORT IMMUNITY ACT 745 ILCS 10/2-202

Defendant Officers were working as police officers at the time of this incident. Therefore, as to all claims, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202 (West 2004).

## FOURTH AFFIRMATIVE DEFENSE:
## STATE TORT IMMUNITY ACT 745 ILCS 10/2-208

Under Illinois Tort Immunity Act, Defendant Officers are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208 (West 2004).

## FIFTH AFFIRMATIVE DEFENSE:
## STATE COMPARATIVE AND CONTRIBUTORY NEGLIGENCE LAW

That any injuries or damages claimed by the Plaintiff against Defendants were caused, in whole or in part, by negligent, willful and wanton, and intentional conduct of the

Plaintiff. Even if Defendants were liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, willful and wanton and intentional conduct of Plaintiff which were the proximate cause of his injuries. In addition, at the time of the actions alleged in Plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2004) was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

### SIXTH AFFIRMATIVE DEFENSE: MITIGATION OF DAMAGES

To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by a jury in this case.

### SEVENTH AFFIRMATIVE DEFENSE: STATE TORT IMMUNITY ACT 745 ILCS 10/2-109

Under state law, the City is not liable to Plaintiff if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109 (West 2004).

### EIGHTH AFFIRMATIVE DEFENSE: STATE TORT IMMUNITY ACT 745 ILCS 10/2-102

Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against by the injured party or a third party. 745 ILCS 10/2-102 (West 2002).

## **CONCLUSION**

**WHEREFORE**, Defendants request that judgment be entered in their favors and against the Plaintiff, for the costs of defending this suit, and other such relief as the Court deems just and appropriate.

## **JURY DEMAND**

Defendants, the City of Chicago, Robert Davis, Lafayette Triplett, and Walldy Colon, hereby demand a jury trial for all issues so triable.

Respectfully submitted,

/s/ Marcy M. Labedz
MARCY M. LABEDZ
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-3982
Atty. No. 06279219

Dated: August 11, 2008

## CERTIFICATE OF SERVICE

I, Marcy M. Labedz, hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF FILING** and **DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT** to be sent via e-filing to the persons named in the foregoing Notice, "Filing Users" pursuant to Case Management/Electronic Case Files, on August 11, 2008, in accordance with the rules on electronic filing of documents.

/s/ Marcy M. Labedz
MARCY M. LABEDZ
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-3982
(312) 744-6566 (fax)
Atty. No. 06279219